OPINION OF THE COURT
Alfred H. Kleiman, J.
Defendant was charged in an indictment with committing the crimes of burglary in the second degree and possession of burglar’s tools. A combined Dunaway, Mapp and Huntley hearing was held before me on May 24, 1990. The People’s case consisted of the testimony of Police Officer Michael Sullivan. The defense presented no evidence. On August 3, 1990, after both sides had rested, this court, having found Officer Sullivan to be a credible witness, orally granted defendant’s motion to suppress the backpack and its contents, the bicycle and defendant’s statements to the police. At that time, *355 this court reserved its right to render more formal findings of fact and conclusions of law. The following are those findings and conclusions.
FINDINGS OF FACT
Officer Sullivan recovered from defendant a bicycle, a backpack and its contents. The officer discovered a set of bolt cutters, a ball bearing, two sawblades, and another tool when he examined the contents of the backpack at the scene after arresting defendant.
For purposes of this hearing, it was conceded that the bicycle had been stolen.
CONCLUSIONS OF LAW
It is apparent that defendant was arrested solely on the officer’s hunch that he had committed a crime and, therefore, the officer lacked authority to seize defendant (see, People v Battaglia, 56 NY2d 558 [1982]; Dunaway v New York, 442 US 200, 211-214 [1979]).
With respect to the issue of standing to suppress the bicycle, the issue is whether the principle of Dunaway (supra) extends to stolen property. While it is true that a thief has no privacy interest in stolen property, standing is not necessary to suppress the bicycle in this case. (See, State v Tanner, 304 Ore 312, 745 P2d 757, 759 [1987]; cf., Williams v United States, 323 F2d 90, 94-95 [10th Cir 1963], cert denied 376 US 906.) This is because the unlawfulness on the part of the police involves the infringement of defendant’s Fourth Amendment rights, apart from possession rights, or lack thereof, in the stolen goods seized as a consequence of the original unlawful stop (see, State v Tanner, supra, 745 P2d, at 759; Dunaway v New York, supra, 442 US, at 211-214). It is the seizure of the defendant’s person which gives this defendant standing in this proceeding. The seizures of the properties from defendant and his statements clearly resulted from the exploitation of the illegality of his arrest. (Brown v Illinois 422 US 590, 600 [1975].) Accordingly, since the illegality of the officer’s conduct at the outset of the encounter tainted the subsequent seizure of the bicycle, the knapsack and its contents, as well as the statements made to the officer, all must be suppressed as the "fruit of the poisonous tree”, there clearly being no attenuation. (Wong Sun v United States, 371 US 471, 487-488 [1963].)
At first blush it may appear inequitable that this decision *356 necessarily results in the dismissal of the indictment. However, as this court had reason to state before in People v Beltrand (63 Misc 2d 1041, 1047 [Crim Ct, NY County 1970], affd 67 Misc 2d 324 [App Term, 1st Dept 1971], citing Cox v Louisiana, 379 US 536, 579 [1965]): "[w]e cannot have government 'by the moment-to moment opinions of a policeman on his beat.’ ” Let it be understood that "the protection of a citizen’s [right to] privacy afforded by the Fourth Amendment’s guarantees cannot be compromised” (Dunaway v New York, supra, 442 US, at 213) by a police officer acting precipitately even though the "hunch” upon which the officer acts turns out to be correct.
[Portions of opinion omitted for purposes of publication.]